TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
KATHARINE SCHONBACHLER (Cal. Bar No. 222875)
Assistant United States Attorney
Asset Forfeiture Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3172
    Facsimile: (213) 894-0142
    E-mail:  Katie.Schonbachler@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>       v.<br><br>391.5873617 IN BITCOIN, ONE 1974 TRIUMPH COMMERCIAL VESSEL AND ONE CALIFORNIA SQUID PERMIT,<br><br>       Defendants. | NO. 2:20-CV-11712-CAS (JCx)<br><br>PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT AGAINST THE INTERESTS OF ALL POTENTIAL CLAIMANTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF KATHARINE SCHONBACHLER<br><br>DATE: April 26, 2021<br>TIME: 10:00 a.m.<br>Ctrm: 8D<br>Before the Honorable Christina A. Snyder, United States District Judge |

PLEASE TAKE NOTICE that on April 26, 2021, at 10:00 a.m., plaintiff United States of America ("government" or "plaintiff") will present a Motion for the Entry of Default Judgment against the interests of all potential claimants before the Honorable

1   Christina A. Snyder, United States District Court, Courtroom 8D, United States
2   Courthouse, 350 West 1st Street, Los Angeles, California 90012.

3          The motion is brought pursuant to Rule 55(b)(2) of the Federal Rules of Civil
4   Procedure and Rule 55-1 of the Local Rules of Practice for the Central District of
5   California.  The motion is based upon this Notice of Motion and Motion, the
6   accompanying Memorandum of Points and Authorities and Declaration of Katharine
7   Schonbachler, other facts appearing in the court's file, and such further evidence, oral or
8   documentary, as may be presented prior to or at the hearing on this motion.

9   DATED: March 26, 2021              Respectfully submitted,

10                                     TRACY L. WILKISON
11                                     Acting United States Attorney
                                       BRANDON D. FOX
12                                     Assistant United States Attorney
13                                     Chief, Criminal Division
                                       STEVEN R. WELK
14                                     Assistant United States Attorney
                                       Chief, Asset Forfeiture Section
15

16                                     /s/ *Katharine Schonbachler*
17                                     KATHARINE SCHONBACHLER
                                       Assistant United States Attorney
18                                     Asset Forfeiture Section

19
                                       Attorneys for Plaintiff
20                                     UNITED STATES OF AMERICA

21

22

23

24

25

26

27

28

2

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   ALL POTENTIAL CLAIMANTS ARE IN DEFAULT

On December 29, 2020, the government filed a Verified Complaint for Forfeiture as to the defendants, 391.5873617 in Bitcoin, One 1974 Triumph Commercial Vessel, and One California Squid Permit ("Defendants"), pursuant to 19 U.S.C. §§ 1526(e) and 1595a(c)(2)(C).  *See* Declaration of Katharine Schonbachler ("Schonbachler Dec.") at ¶ 2.

Process was executed upon the Defendants, 391.5873617 in Bitcoin, One 1974 Triumph Commercial Vessel, and One California Squid Permit, by the United States Marshals Service in accordance with Supplemental Rule E(4)(b) and Supplemental Rule G(3)(c) on January 14, 2021, January 27, 2021, and January 13, 2021, respectively. Attached to the Schonbachler Dec. as Exhibit "A" is a true and correct copy of the executed process receipts filed with the court.  *Id*. at ¶ 3.

As noted in paragraph 7 of the Complaint (Dkt. 1), because Defendants' owner agreed to forfeit the Defendants prior to the Complaint being filed, there were no specific persons or entities that the government identified whose interests may be adversely affected by these proceedings.  Nevertheless, the government provided notice via the internet of these proceedings to any other potential third party claimants advising those third parties of their right to file a claim to the Defendants and an answer to the Complaint.  *Id*. at ¶ 4.

Beginning on December 31, 2020, notice of Civil Forfeiture was posted on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  Attached to the Schonbachler Dec. as Exhibit "B" is a true and correct copy of the internet proof of publication.  *Id*. at ¶ 5.

In accordance with Supplemental Rule G(5), all interested parties who do not receive direct notice are required to file a claim no later than 60 days after the first day of publication on an official internet government forfeiture site and an answer within 21

1

days thereafter.  The first day of publication of this action on the government forfeiture site was December 31, 2020.  Accordingly, the time to file a claim and answer for all interested parties expired on March 1, 2021 and March 22, 2021, respectively.  *Id*. at ¶ 6.

On March 24, 2021, a Default by Clerk was entered against the interests of all potential claimants.  Attached to the Schonbachler Dec. as Exhibit "C" is true and correct copy of the Default by Clerk.  *Id*. at ¶ 7.

Plaintiff has not received a filed claim or answer from any potential claimant. *Id*. at ¶ 8.

In the absence of any potential claimant, the procedural requirements for minors or incompetent persons do not apply.  *Id*. at ¶ 9.

In the absence of any potential claimant, the Servicemembers Civil Relief Act of 2003 does not apply.  *Id*. at ¶ 10.

## II.   ARGUMENT

### A.   THE STANDARD FOR ENTRY OF JUDGMENT BY DEFAULT

#### 1.   THE EITEL FACTORS

After the Clerk has entered default for failure to plead or otherwise defend an action, the court may enter judgment by default on the plaintiff's complaint.  Fed. R. Civ. P. 55(a), 55(b)(2).  Default judgments "are more often granted then denied." *PepsiCo v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999) (Paez, J.).  When exercising this discretion, courts typically consider the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir.1986) (the "Eitel factors").  Furthermore, when considering whether to grant default judgment, courts generally

2

1  assume the factual allegations of the complaint to be true.  *Geddes v. United Financial*
2  *Group*, 559 F.2d 557, 560 (9th Cir. 1977); *TeleVideo Systems, Inc. v. Heidenthal*, 826
3  F.2d 915, 917-918 (9th Cir. 1987).

4      The Eitel Factors in this case weigh heavily in support of default judgment.  The
5  plaintiff would be highly prejudiced if default judgment was not granted, because "it
6  would be forced to continue the litigation even though no party has filed an answer or a
7  claim."  *United States v. Approximately $194,752 in U.S. Currency*, Slip Copy, 2011 WL
8  3652509, *3 (N.D. Cal.).  Additionally, as discussed in detail below, the government has
9  established that the Defendants represent or are traceable to proceeds of illegal narcotic
10  trafficking, or were used or intended to be used in one or more exchanges for a
11  controlled substance or listed chemical, in violation of 21 U.S.C. § 841 *et seq.* and are
12  therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).  The government has
13  also established that the Defendants constitute property involved in multiple transactions
14  or attempted transactions in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and/or (a)(1)(B)(i),
15  or property traceable to such property, with the specified unlawful activity being a
16  controlled substance or listed chemical violation and are therefore subject to forfeiture
17  pursuant to 18 U.S.C. § 981(a)(1)(A).  Accordingly, the forfeiture claim has substantive
18  merit and the complaint is sufficient to establish that the Defendants are subject to
19  forfeiture.  Furthermore, there is no dispute as to material facts because Defendants'
20  owner agreed to forfeit the Defendants prior to the Complaint being filed and there is no
21  evidence that the default is due to excusable neglect.  Finally, while policy
22  considerations favor a decision on the merits, it is not possible to decide this case on the
23  merits with respect to the Defendants, since no potential claimant has filed an answer to
24  contest forfeiture of the Defendants.  Therefore, default judgment is appropriate.  *Id*.

25      2.    PROCEDURAL REQUIREMENTS
26      A party seeking default judgment must establish: (a) when and against what party
27  the default was entered; (b) the identification of the pleading to which default was
28  entered; (c) whether the defaulting party is an infant or incompetent person, and if so,

3

1   whether that person is represented by a general guardian, committee, conservator or

2   other representative; (d) that the Servicemembers Civil Relief Act does not apply; and

3   (e) that notice has been served on the defaulting party, if required by Federal Rule of

4   Civil Procedure 55(b)(2).  L.R. 55.  As set forth above, these procedural requirements

5   have been met.

6                       3.    FAILURE TO FILE A VALID CLAIM AND ANSWER

7          In order to contest a forfeiture action, a claimant must have article III and statutory

8   standing.  *United States v. $148,840.00 In U.S. Currency*, 521 F.3d 1268, 1273 & n. 3

9   (10th Cir. 2008); *United States v. $515,060.42 in U.S. Currency*, 152 F.3d 491, 497 (6th

10  Cir. 1998); *United States v. One 1985 Cadillac Seville*, 866 F.2d 1142, 1148 (9th Cir.

11  1989).  A verified claim is a prerequisite to establishing statutory standing.  *United*

12  *States v. 2007 Chrysler 300 Touring*, Slip Copy, 2011 WL 1119701, (D.N.M.) (citing

13  *United States v. $11,918.00*, 2007 WL 3037307 (E.D. Cal.)).  No parties filed claims or

14  answers and the time to file a claim and answer for all interested parties expired on

15  March 1, 2021 and March 22, 2021, respectively.  *United States v. One 2001 Cadillac*

16  *Deville Sedan*, 335 F. Supp. 2d 769, 772-3 (E.D. Mich. 2004) (claimant who did not

17  comply with Supplemental Rule C(6) by filing a verified claim lacks statutory standing);

18  *United States v. $50,200.00 in U.S. Currency*, 76 F. Supp. 2d 1247, 1253 (D. Wy. 1999)

19  (same); *United States v. $104,674.00*, 17 F.3d 267, 268 (8th Cir. 1994) (strict

20  compliance with Supplemental Rule C(6) is required); *United States v. Currency*

21  *$267,961.07*, 916 F.2d 1104, 1108 (6th Cir. 1990) (same).  Therefore, all potential

22  claimants are properly in default and the facts of the complaint are to be deemed

23  admitted.

24                      4.    THE FACTS DEEMED ADMITTED BY THE FAILURE TO FILE
                              A CLAIM OR ANSWER ESTABLISH THAT THE DEFENDANTS
25                            CONSTITUTE ILLEGAL NARCOTIC PROCEEDS

26         The government alleged the following facts in the complaint:

27         Defendants' owner (hereinafter referred to as "the Vendor") agreed to forfeit the

28  Defendants prior to the Complaint being filed.  *See* Complaint at ¶ 7.

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

During an investigation of Darknet marketplaces, including the marketplace known as the "Dream" marketplace, law enforcement officers identified the Vendor as a person who sold drugs, including fentanyl patches and opioids dispensed without prescription, over the Darknet marketplace, in exchange for Bitcoin.   Dream was one of the world's largest Darknet marketplaces that allowed persons to sell a wide variety of contraband, including illegal narcotics.  *Id.* at ¶ 8.

### *Defendant Bitcoin*

During the execution of search warrants on January 11, 2019, officers located the defendant Bitcoin in cold storage wallets at a residence.  Vendor admitted to officers the facts set forth in paragraph 10 below.  *Id.* at ¶ 9.

The defendant Bitcoin was derived from the sales of illegal drugs, including fentanyl patches and opioids dispensed without prescription, on the Darknet between 2016 and 2019.  The Vendor began selling illegal prescription drugs on the Darknet in approximately 2014 using multiple marketplaces, including Dream, Silk Road, AlphaBay, and Wall Street Market, and from 2014 and thereafter made approximately $250,000 worth of Bitcoin each month from the illegal drug sales.  *Id.* at ¶ 10.

Additionally, on approximately sixteen occasions between December 2017 and May 2018, officers made undercover purchases of opioid drugs from the Vendor on the Darknet.  Those drugs were purchased without prescriptions in exchange for Bitcoin.  The defendant Bitcoin was the Vendor's gross proceeds for those sales, after the administrators of the various Darknet marketplaces reduced their commissions for hosting the platform over which the Vendor sold drugs.  *Id.* at ¶ 11.

### *Defendant Vessel and Defendant Permit*

Pursuant to a sales contract, on or about February 15, 2018, the Vendor purchased the defendant vessel and defendant permit with $600,000 in U.S. currency.  The Vendor admitted to officers that the $600,000 was derived from Bitcoin collected from sales of illegal prescription drugs that had been converted to U.S. currency.  The purpose of converting the Bitcoin to U.S. currency was to conceal and disguise the nature, location,

source, ownership and control of the payments that the Vendor received from the sale of drugs on the Darknet Marketplaces. *Id*. at ¶ 12.

Based on the facts set forth above, plaintiff alleges that the Defendants represent or are traceable to proceeds of illegal narcotic trafficking, or were used or intended to be used in one or more exchanges for a controlled substance or listed chemical, in violation of 21 U.S.C. § 841 et seq.  The Defendants are therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6). *Id*. at ¶ 13.

Based on the facts set forth above, plaintiff alleges that the Defendants constitute property involved in multiple transactions or attempted transactions in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and/or (a)(1)(B)(i), or property traceable to such property, with the specified unlawful activity being a controlled substance or listed chemical violation. The Defendants are therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A). *Id*. at ¶ 14.

## B. THE COMPLAINT'S ALLEGATIONS ESTABLISH THAT THE DEFENDANTS ARE SUBJECT TO FORFEITURE

Here, the facts alleged in the complaint establish that the Defendants represent or are traceable to proceeds of illegal narcotic trafficking, or were used or intended to be used in one or more exchanges for a controlled substance or listed chemical, in violation of 21 U.S.C. § 841 et seq., and constitute property involved in multiple transactions or attempted transactions in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and/or (a)(1)(B)(i), or property traceable to such property, with the specified unlawful activity being a controlled substance or listed chemical violation.  To prevail on its claim here, the government must establish the elements of the claim by a preponderance of the evidence. 18 U.S.C. § 983(c)(1).  In making that showing, the government may rely upon both circumstantial and direct evidence.  *United States v. $291,828.00 In U.S. Currency*, 536 F.3d 1234, 1237 (11th Cir. 2008); *United States v. Currency, U.S. $42,500.00*, 283 F.3d 977, 980 (9th Cir. 2002) (forfeiture determination is based on the aggregate of the facts including circumstantial evidence).

6

1   Vendor admitted that the defendant Bitcoin was derived from the sales of illegal
2   drugs on the Darknet between 2016 and 2019 and that he/she had begun selling illegal
3   prescription drugs on the Darknet in approximately 2014 using multiple marketplaces,
4   including Dream, Silk Road, AlphaBay, and Wall Street Market, and from 2014 and
5   thereafter made approximately $250,000 worth of Bitcoin each month from the illegal
6   drug sales.  Also, on approximately sixteen occasions between December 2017 and May
7   2018, officers made undercover purchases of opioid drugs without prescriptions and in
8   exchange for Bitcoin from the Vendor on the Darknet.  Additionally, the Vendor
9   admitted that the $600,000 in U.S. currency, used for the purchase of the defendant
10  vessel and the defendant permit on or about February 15, had been derived from Bitcoin
11  collected from sales of illegal prescription drugs on the Darknet that had then been
12  converted to U.S. currency.  *See* Complaint at ¶ ¶ 9-12.

### C.    THE PROPOSED DEFAULT JUDGMENT

Because the facts establish that the Defendants are subject to forfeiture, judgment
by default against the interests of all potential claimants should be entered pursuant to
Federal Rule of Civil Procedure 55(b)(2).

Once a court has decided that judgment should be entered by default, the court
must determine the character of the recovery to grant the plaintiff.  10A Wright, Miller &
Kane, *Federal Practice and Procedure 3d* § 2688.  The proposed default judgment
grants the very relief sought in the complaint (forfeiture of the Defendants to the United
States of America for disposition according to law).

/ / /

7

III.   **CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court grant this motion for a default judgment.

DATED: March 26, 2021                    Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

 /s/ *Katharine Schonbachler*
KATHARINE SCHONBACHLER
Assistant United States Attorney
Asset Forfeiture Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA

8