UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:20-cv-11712-CAS(JCx) | Date | April 26, 2021 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. 391.5873617 IN BITCOIN, ET AL. | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

Katharine Schonbachler, AUSA   N/A

**Proceedings:**   TELEPHONE HEARING RE: PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT(Dkt. [ 16 ], filed March 26, 2021)

## I.   INTRODUCTION

On December 29, 2020, the United States of America (the "government") initiated this civil forfeiture action by filing a verified complaint against defendants 391.5873617 in Bitcoin ("defendant Bitcoin"); one 1974 Triumph Commercial Vessel, with California CF Number CF 0788 KC and Hull ID Number C5708 ("defendant vessel); and one California Squid Permit, with number LBT 024 ("defendant permit") pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(A). Dkt. 1 (Compl."). The government alleges that the defendants are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because they represent, or are traceable to, proceeds of illegal narcotics trafficking, or, in the alternative, were used or intended to be used in one or more exchanges for a controlled substance or listed chemical, in violation of 21 U.S.C. § 841 et seq. Id.¶ 13. The government further alleges that the defendants are subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) because they constitute property involved in multiple transactions or attempted transactions in violation of 18 U.S.C. § 1956(a)(1)(B)(i), or are property traceable to such property, with the specified unlawful activity being a controlled substance or listed chemical violation. Id. ¶ 14.

On March 24, 2020, the Clerk of the Court entered default against all potential claimants to defendants. Dkt. 15. The government filed the instant motion for default judgment on March 26, 2021.

The Court held a hearing on April 26, 2021. Having carefully considered the government's arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'      JS-6

| Case No. | 2:20-cv-11712-CAS(JCx) | Date | April 26, 2021 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. 391.5873617 IN BITCOIN, ET AL. | | |

**II.     BACKGROUND**

The "Dream" marketplace was one of the world's largest Darknet marketplaces. It allowed users to sell a wide variety of contraband, including illegal narcotics. Compl. ¶ 8. During an investigation of Darknet marketplaces, including the Dream marketplace, law enforcement officers identified the defendants' owner ("the Vendor") as a person who sold drugs, including fentanyl patches and opioids dispensed without a prescription, over Darknet marketplaces, in exchange for Bitcoin. Id.

The Vendor agreed to forfeit each of the defendants prior to the complaint being filed. Id.¶ 7. As such, the complaint alleges that "there are no specific person or entities that the government can identify whose interests may be adversely affected by these proceedings." Id.

   **A. Defendant Bitcoin**

On January 11, 2019, during the execution of search warrants at a residence, officers located the defendant Bitcoin in cold storage wallets. Id. ¶ 9.

Following discovery of defendant Bitcoin, the Vendor admitted to the officers that the defendant Bitcoin represented the proceeds of his illegal drug transactions. Id. ¶¶ 9-10. Specifically, the Vendor admitted that the defendant Bitcoin was derived from sales of illegal drugs, including fentanyl patches and opioids dispensed without prescription, on the Darknet between 2016 and 2019. Id. ¶ 10. The Vendor admitted that he began selling illegal prescription drugs on the Darknet in approximately 2014, using multiple marketplaces, including Dream, Silk Road, AlphaBay, and Wall Street Market. Id. Beginning in 2014 and thereafter, the Vendor made approximately $250,000 worth of Bitcoin each month from the illegal drug sales. Id.

In addition, the government alleges that on approximately sixteen occasions between December 2017, and May 2018, law enforcement officers made undercover purchases of opioid drugs from the Vendor over the Darknet, without prescriptions. Id. ¶ 11. Those undercover opioid purchases from the Vendor were made in exchange for Bitcoin. Id. The government alleges that the defendant Bitcoin was the Vendor's gross proceeds for those undercover transactions, "after the administrators of various Darknet marketplaces reduced their commissions for hosting the platform over which the Vendor sold drugs." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'     JS-6

| Case No. | 2:20-cv-11712-CAS(JCx) | Date | April 26, 2021 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. 391.5873617 IN BITCOIN, ET AL. | | |

### B. Defendant Vessel and Defendant Permit

On or about February 15, 2018, the Vendor purchased the defendant vessel and defendant permit, pursuant to a sales contract, with $600,000 in U.S. Currency. Id. ¶ 12. The Vendor admitted to officers that the $600,000 used in that transaction was derived from Bitcoin collected from sales of illegal prescription drugs that had been converted to U.S. currency. Id. The government alleges that the purposes of converting the Bitcoin to U.S. currency was to conceal and disguise the nature, location, source, ownership and control of the payments that the Vendor received from the sale of drugs over Darknet marketplaces. Id.

### III.   LEGAL STANDARD

Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the plaintiff does not seek a sum certain, the plaintiff may apply to the court for a default judgment. Fed. R. Civ. P. 55. Granting or denying a motion for default judgment is a matter within the court's discretion. Elektra Entm't Grp. Inc. v. Crawford, 2:04-cv-05865-SJO-Mc, 226 F.R.D. 388, 392 (C.D. Cal. 2005). The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986); see also Elektra, 226 F.R.D. at 392.

"Before a court can enter a default judgment against a defendant, the plaintiff must satisfy the procedural requirements set forth in Federal Rules of Civil Procedure 54(c) and 55, as well as Local Rule 55–1 and 55–2." Harman Int'l Indus., Inc. v. Pro Sound Gear, Inc., No. 2:17-cv-06650-ODW-FFM, 2018 WL 1989518, at *1 (C.D. Cal. Apr. 24, 2018). Accordingly, when an applicant seeks a default judgment from the Court, the movant must submit a declaration specifying: "(a) When and against what party the default was entered; (b) The identification of the pleading to which default was entered; (c) Whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative; (d) That the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and (e) That

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'     JS-6

| Case No. | 2:20-cv-11712-CAS(JCx) | Date | April 26, 2021 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. 391.5873617 IN BITCOIN, ET AL. | | |

notice has been served on the defaulting party, if required by [Federal Rule of Civil Procedure] 55(b)(2)." See C.D. Cal. L.R. 55–1.

## IV.  DISCUSSION

In its motion for default judgment, the government indicates that the procedural requirements governing civil forfeiture and default judgment have been satisfied in this case and argues that the Eitel factors weigh heavily in support of entering default judgment. Mot. at 6-7. The court addresses the government's contentions below.

### A.  Procedural Requirements

Any property subject to forfeiture to the United States may be seized in the manner set forth in 18 U.S.C. § 981(b). See 21 U.S.C. § 881(b). Pursuant to 18 U.S.C. § 981(b)(2)(A), a seizure may be made without a warrant if a complaint for forfeiture has been filed in district court and the court has issued an arrest warrant *in rem* pursuant to the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supp. R."). Supplemental Rule G includes several judicial authorization, process, and notice requirements. The government must file a verified complaint that states the grounds for jurisdiction and venue, describes the property being forfeited with reasonable particularity, identifies the statute under which the forfeiture action is brought, and states sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial. Supp. R. G(2)(a)–(f). The clerk must then issue a warrant to arrest the property if it is in the government's possession, custody, or control, and process must be executed on the property. Supp. R. G(3)(b)–(c). The government is required to give notice to potential claimants by publication and by sending direct notice of the pending forfeiture action to any person who reasonably appears to be a potential claimant. Supp. R. G(4)(a)–(b). Local Admiralty Rule C.4(a) also requires notice by publication and direct notice by first-class mail to persons known to have an interest in the property.

The Court finds that the government has satisfied the requirements of 18 U.S.C. 981(b)(2)(A), Supplemental Rule G, and Local Admiralty Rule C.4(a). As mandated by Supplemental Rule G(2), the government filed a verified complaint on December 29, 2020, that states the grounds for jurisdiction and venue, describes the property being forfeited with reasonable particularity, identifies the statutes under which the forfeiture is brought, and includes sufficient factual detail to support a reasonable belief that the government will be able to meet its burden of proof at trial. See generally Compl. In accordance with Supplemental Rule G(3), the clerk issued a warrant for seizure of defendants on January 4,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'   JS-6

| Case No. | 2:20-cv-11712-CAS(JCx) | Date | April 26, 2021 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. 391.5873617 IN BITCOIN, ET AL. | | |

2021. Dkt. 6. The U.S. Marshals Service executed process upon defendant Bitcoin on January 14, 2021, upon defendant Vessel on January 27, 2021, and upon defendant Permit on January 13, 2021. Dkt. 16-2. As required by Supplemental Rule G(4)(a), the government posted notice of the forfeiture on an official government website (www.forfiture.gov) for at least 30 consecutive days, beginning on December 31, 2020. Dkt. 16-3. Because the Vendor agreed to forfeit defendants prior to the complaint being filed, there were no specific persons or entities identified by the government as known potential claimants. See Compl. ¶ 7; Dkt. 16-1 ("Schonbachler Decl.") ¶ 4. As such, no notice to known potential claimants was required pursuant to Supplemental Rule G(4)(b).

The Court finds that the government has also satisfied the procedural requirements articulated by Rule 55 and Local Rule 55–1. For example, the government submitted a declaration indicating that default was entered against the interests of all potential claimants on March 24, 2021. Shonbachler Decl. ¶ 7. The declaration also states, on information and belief that the government has not received a filed claim or answer from any potential claimant and that, in the absence of any potential claimant, the procedural requirements for minors or incompetent persona and the Servicemembers Civil Relief Act of 2003 do not apply. Id. ¶¶ 8-10.

    **B.**    **Application of the Eitel Factors**

The government asserts that the Eitel factors support the Court entering default judgment against the defendant currency. The Court addresses each factor in turn.

    **1.**    **Possibility of Prejudice**

The first Eitel factor considers whether a plaintiff will suffer prejudice if default judgment is not entered. Eitel, 782 F.2d at 1471–72. This factor favors entry of a default judgment where, absent entry of default judgment, a plaintiff "will likely be without other recourse for recovery" if default judgment is not entered. PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

Here, absent the entry of default judgment, the government will likely be without other recourse for recovery because "it would be forced to continue litigation even though no party has filed an answer or a claim." See United States v. Approximately $194,752 in U.S. Currency, No. 11-cv-1400-EMC, 2011 WL 3652509, at *3 (N.D. Cal. Aug. 19, 2011) (finding possibility of prejudice factor satisfied where government moved for default

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11712-CAS(JCx) | Date | April 26, 2021 |
| Title | UNITED STATES OF AMERICA v. 391.5873617 IN BITCOIN, ET AL. | | |

judgment in civil asset forfeiture case). Accordingly, this factor weighs in favor of entering default judgment.

    **2.    Substantive Merits and Sufficiency of the Claim**

Courts often consider the second and third Eitel factors together. See PepsiCo, 238 F. Supp. 2d at 1175; HTS, Inc. v. Boley, 954 F. Supp. 2d 927, 941 (D. Ariz. 2013). The second and third Eitel factors assess the substantive merits of the movant's claims and the sufficiency of its pleadings, which "require that a [movant] state a claim on which [it] may recover." PepsiCo, 238 F. Supp. 2d at 1177 (quotation marks omitted); see also Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978) (stating that the issue is whether the allegations in the pleading state a claim upon which plaintiff can recover).

"To prevail in an action under 21 U.S.C. § 881(a)(6), the government must prove by a preponderance of the evidence that the property was (1) furnished or intended to be furnished in exchange for a controlled substance; (2) traceable to such an exchange; or (3) used or intended to be used to facilitate a violation of federal drug laws." United States v. $23,100 in U.S. Currency, No. 2:19-cv-00190-CAS-JPR, 2019 WL 3237508, at *4 (C.D. Cal. July 15, 2019). Similarly, assets are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) where the government demonstrates by a preponderance of the evidence that the property was "involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956, 1957, or 1957" or is "property traceable to such property." United States v. One 2005 Lagoon Sailing Catamaran Named The Bohemian Rhapsody, No. CV 13-9262-DMG (JCX), 2019 WL 1877439, at *3 (C.D. Cal. Mar. 28, 2019). 18 U.S.C. § 1956 (a)(1)(B)(i) in turn prohibits any person "knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity" from "conduct[ing] or attempt[ing] to conduct" a transaction using those proceeds "to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity," including "the manufacture, importation, sale, or distribution of a controlled substance." See 18 U.S.C. § 1956 (a)(1)(B)(i), (a)(7)(B)(i). When the government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense or was involved in the commission of a criminal offense, it must also establish a substantial connection between the property and the offense. 18 U.S.C. § 983(c)(3). "The determination [of] whether the government has met its burden of proof is based on the aggregate of the facts, including circumstantial evidence." United States v. $49,790 in U.S. Currency, 763 F. Supp. 2d 1160, 1166 (N. D. Cal. 2010) (citing United States v. $42,500 in U.S. Currency, 283 F.3d 977, 980 (9th Cir. 2002)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'   JS-6

| Case No. | 2:20-cv-11712-CAS(JCx) | Date | April 26, 2021 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. 391.5873617 IN BITCOIN, ET AL. | | |

Accepting the factual allegations in the complaint as true, the Court finds that the second and third <u>Eitel</u> factors favor entry of default judgment. First, the Vendor admitted that defendant Bitcoin was derived from his sales of illegal drugs on the Darknet and that, beginning in 2014, he received approximately $250,000 worth of Bitcoin each month an exchange for illegal drugs. Compl. ¶ 10. Defendant Bitcoin also includes the Vendor's gross proceeds from undercover purchases of opioid drugs executed by law enforcement officers between December 2017, and May 2018. Compl. ¶ 10. <u>See e.g.</u> <u>$23,000 in U.S. Currency</u>, 2019 WL 3237508, at *4 (default judgment of forfeiture pursuant to Section 881(a)(6) appropriate where facts alleged supported inference that defendant currency was used to commit or facilitate the commission of criminal drug offenses).

Likewise, the Vendor admitted that the $600,000 used to purchase defendant Vessel and defendant Permit was derived from Bitcoin that the Vendor collected from sales of illegal prescription drugs and subsequently converted to U.S. Currency. As such, because defendant Vessel and defendant Permit were paid for using funds derived from the Vendor's illegal drug sales, each constitutes property that is traceable to a transaction involving controlled substances and is subject to forfeiture pursuant to Section 881(a)(6). In addition, the government has sufficiently pled that the Vendor's purpose in converting the Bitcoin into U.S. Currency prior to purchasing defendant Vessel and defendant Permit was to conceal that the source of the funds was the "sale of drugs on the Darknet Marketplaces." Compl. ¶ 12. As such, defendant Vessel and defendant Permit each constitute property that was "involved in" a transaction violating Section 1956 for purposes of Section 981(a)(1)(A). Cf. <u>One 2005 Lagoon Sailing Catamaran Named The Bohemian Rhapsody</u>, 2019 WL 1877439, at *3 (finding forfeiture appropriate pursuant to Section 981(a)(1)(A) where loans on defendant Vessel were paid off through transactions using funds derived from unlawful activity involving a financial institution, in violation of 18 U.S.C. § 1957).

    **3.    Amount of Money at Stake**

Pursuant to the fourth <u>Eitel</u> factor, the Court balances "the amount of money at stake in relation to the seriousness of the [defaulting party's] conduct. <u>PepsiCo</u>, 238 F.Supp.2d at 1176. "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct." <u>Vogel v. Rite Aid Corp.</u>, 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014). "While the allegations in a complaint are taken to be true for the purposes of default judgment, courts must make specific findings of fact in assessing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'    JS-6

| Case No. | 2:20-cv-11712-CAS(JCx) | Date | April 26, 2021 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. 391.5873617 IN BITCOIN, ET AL. | | |

damages." Moroccanoil, Inc. v. Allstate Beauty Prod., Inc., 2:11-cv-02125-DMG-AGR, 847 F. Supp. 2d 1197, 1202 (C.D. Cal. 2012). The Court reviews declarations, calculations, and other damages documentation to determine whether the sum of money at stake is appropriate. Craneveyor Corp. v. AMK Express Inc., No. 2:16-cv-6049-RSWL-E, 2017 WL 89553, at *5 (C.D. Cal. 2017).

Here, the amount of money at stake is substantial. As of writing, one unit of bitcoin is valued at $56,707. See Bitcoin USD, WSJ.com, https://www.wsj.com/market-data/quotes/fx/BTCUSD (last visited April 20, 2021). As such, the present market value of defendant Bitcoin's 391.5873617 units is approximately $22.2 million. In addition, the monetary value of defendants Vessel and Permit, which were purchased together for $600,000 in February 2018, is significant.

However, the government has demonstrated by a preponderance of the evidence that defendants each represent proceeds from violations of the federal drug laws, and it is apparent that defendant Bitcoin has appreciated significantly since the time of seizure. A number of courts considering forfeiture of drug proceeds have weighed this factor in favor of default. See e.g. United States v. $150,990.00 in U.S. Currency, No. 2-12-cv-01014-JAD, 2014 WL 6065815, at *3 (D. Nev. Nov. 10, 2014) (finding that fourth Eitel factor weighed in favor of entering default judgment in civil asset forfeiture case where $150,999.00 was at stake because "the money was used or was intended to be used to buy and sell drugs, a serious violation of federal law; and the sum seized falls within the range other courts have found to favor default judgment in similar drug-related cases."); United States v. $136,800 in U.S. Currency, No. 2:19-cv-05893-CAS (FFMx), 2020 WL 919152, at *5 (C.D. Cal. Feb. 24, 2020) (same). In addition, courts have entered default judgments in cases involving large amounts of cryptocurrency seized as proceeds of illegal drug transactions. See United States v. 2013 Lamborghini Aventador LP700-4, No. 117CV00967LJOSKO, 2018 WL 3752131, at *13 (E.D. Cal. Aug. 8, 2018) (granting motion for default as to forfeiture of assets including approximately 1,605 Bitcoin and other cryptocurrency, then valued at approximately $8.8 million, because "although Defendant Assets subject to forfeiture are of a substantial value, this alone does not warrant denial of the Government's Motion."). And it is of note that the Vendor—who is the only known potential claimant—does not contest the forfeiture of these assets. See U.S. v.1937 Packard Super 8, No. C 11-05603 WHA, 2012 WL 1094335, at *3 (N.D. Cal. Mar. 29, 2012).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:20-cv-11712-CAS(JCx) | Date | April 26, 2021 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. 391.5873617 IN BITCOIN, ET AL. | | |

As such, although the amount of defendant assets at stake "dwarfs the 2.9 million dollars at issue in Eitel," and thereby weighs somewhat against the grant of a default, the Court finds that forfeiture of these assets is not unreasonable in relation to defendant's conduct. See Id. (granting default judgment as to "6.7 million dollars in United States currency and eight vehicles of unknown value," despite weighing the sum of money at stake against default.); Vogel, 992 F. Supp. 2d 998 at 1012.

Accordingly, the Court concludes that the substantial value of the defendant assets does not warrant denial of the government's motion for default.

  **4.** **Possibility of a Dispute Concerning a Material Fact**

The fifth Eitel factor considers the possibility that material facts are disputed. PepsiCo, 238 F. Supp. 2d at 1177. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." Id. Here, the fifth Eitel factor favors the entry of default judgment because the government has adequately alleged a civil forfeiture claim, and, despite the government's written notices of the filing of this action and the present motion for default judgment, no potential claimant or interested party has appeared to date. See United States v. $99,870.00 in U.S. Currency, No. 2:15-cv-04663-ODW-AGR, 2015 WL 7194295, at *4 (C.D. Cal. Nov. 16, 2015) (finding fifth Eitel factor favored entry of default judgment because "[s]ince Plaintiff's factual allegations are presumed true and the Interested Parties failed to oppose the motion, no factual disputes exist that would preclude the entry of default judgment.").

  **5.** **Possibility of Excusable Neglect**

The sixth Eitel factor considers whether a defendant's default may have been the product of excusable neglect. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72. Here, the Vendor has consented to the forfeiture and despite the government's published notices, no other potential claimant has appeared. Accordingly, the sixth Eitel factor favors entry of default judgment. See $99,870.00 in U.S. Currency, 2015 WL 7194295, at *5 (finding sixth Eitel factor favored entry of default judgment in civil asset forfeiture case where potential claimants failed to appear despite being served because "courts recognize that a party's failure to respond after receiving notice is unlikely to constitute excusable neglect.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'   JS-6

| Case No. | 2:20-cv-11712-CAS(JCx) | Date | April 26, 2021 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. 391.5873617 IN BITCOIN, ET AL. | | |

### 6. Policy Favoring a Decision on the Merits

Under the seventh Eitel factor, the Court weighs the strong policy favoring a decision on the merits. See Eitel, 782 F.2d at 1472. However, "this preference, standing alone, is not dispositive." PepsiCo, 238 F. Supp. 2d at 1177 (internal citation omitted). That is because, "where . . . a defendant fails to answer the plaintiff's complaint, a decision on the merits is impractical, if not impossible." $99,870.00 in U.S. Currency, 2015 WL 7194295, at *5. Accordingly, the seventh Eitel factor does not preclude the Court from entering default judgment against the defendant currency. See id.

### V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** the government's motion for default judgment. The defendant 391.5873617 in Bitcoin, defendant Vessel, and defendant Permit are hereby forfeited to the government pursuant to Sections 881(a)(6) and 981(a)(1)(A). All right, title, and interest in defendants is vested in the United States. The Clerk of the Court is instructed to enter judgment in favor of the United States.

IT IS SO ORDERED.

|  | 00 : 03 |
|---|---|
| Initials of Preparer | CMJ |